UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES BLAKEMORE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:13-cv-98-JMS-DML |
| ) | |
| SUPERINTENDENT CRAIG HANKS, ) | |
| ) | |
| Respondent. ) | |

**ENTRY**

Charles Blakemore ("Blakemore") entered a guilty plea on October 22, 1986, and was convicted in an Indiana state court of rape, criminal deviate conduct, armed robbery and kidnapping. His conviction became final prior to the April 23, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA").

Blakemore now seeks a writ of habeas corpus. Blakemore contends in his habeas petition that his conviction is constitutionally infirm.

**II.**

**A.**

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary

vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

A 1-year grace period applies to petitioners whose convictions were final prior to the effective date of the AEDPA. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996) (en banc), *reversed on other grounds,* 521 U.S. 320 (1997). That describes Blakemore's situation. He therefore had through April 24, 1997, in which to file his federal habeas petition. See *Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000). His habeas petition, however, was not filed until January 16, 2013.

**B.**

District Courts are permitted to consider, *sua sponte,* the timeliness of a prisoner's habeas petition, but must afford the parties notice and an opportunity to be heard before acting on their own initiative to dismiss a petition as untimely. *See Day v. McDonough,* 547 U.S. 198 (2006); *U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005). As explained in Part II.A. of this Entry, it appears that Blakemore's habeas petition was filed after the statute of limitations expired and hence was not timely filed.

**III.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Blakemore has encountered the hurdle produced by the one-year statute of limitations.

Blakemore shall have **through May 21, 2013**, in which to show cause why his petition for writ of habeas corpus should not be summarily dismissed as untimely.

**IT IS SO ORDERED.**

Date: __05/07/2013__

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles Blakemore
No. 865686
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

habeas@atg.in.gov